**Timothy LAMB, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 21, 1979.

Rehearing Denied Feb. 15, 1980.

Discretionary Review Denied June 17, 1980.

Jack Emory Farley, Public Advocate, C. Thomas Hectus, Asst. Public Advocate, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Elizabeth E. Blackford, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, C. J., and LESTER and VANCE, JJ.

LESTER, Judge.

Timothy Lamb was convicted of first-degree robbery, proscribed by KRS 515.020, and sentenced to incarceration for ten years and six months. From that judgment of conviction, this appeal ensues assigning as error the insufficiency of evidence as a matter of law to support the jury's determination of guilt and the impropriety of the prosecutor's closing arguments.

On December 13, 1978, between the hours of 3:00 and 4:00 o'clock P.M., Bruce Burton was walking home along Fourth Street in Lexington. At a point near the Bourbon Street intersection, Burton observed Lamb talking to someone in a car, but not knowing the appellant, the victim continued on his journey. At a point where a hedge starts and runs parallel to Fourth Street, Lamb came up to Burton from the rear and bumped him behind the shrubbery at which juncture appellant placed a knife against Burton's throat and demanded "what you have in your pocket." Burton said he didn't have anything and Lamb threatened to cut his throat. The victim freed himself from appellant's grasp and returned to the sidewalk with Lamb following, still making

threats to cut his throat. Thereupon, Burton managed to get to a grocery store from whence the police were summoned and a short time later, Lamb was apprehended a few blocks away. The crucial fact raised by appellant is that nothing was taken from Burton. The defense was the plea of intoxication to a point where Lamb did not recall the events of the incident.

We look first to the statute, KRS 515.020:

(1) A person is guilty of robbery in the first degree when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft and when he:

(a) Causes physical injury to any person who is not a participant in the crime; or

(b) Is armed with a deadly weapon; or

(c) Uses or threatens the immediate use of a dangerous instrument upon any person who is not a participant in the crime.

(2) Robbery in the first degree is a Class B felony.

■ Appellant's contentions are based on the commentaries to the penal code in which the view is expressed (following KRS 515.020) that " 'in the course of committing a theft', is intended to expand the scope of robbery to permit a conviction even though the theft was incomplete." Lamb maintains that no theft, such as in the case at bar, differs from "incomplete theft." Appellant further argues that since the commentaries point out that all the elements of the crime of theft are set out in robbery in the second degree (KRS 515.030), then the courts must consider just what "theft" means. In order to do this, he directs us to KRS 514.030(1)(a) to the effect that:

(1) A person is guilty of theft by unlawful taking or disposition when he unlawfully:

(a) Takes or exercises control over movable property of another with intent to deprive him thereof;

Therefore, according to Lamb, since a theft is the taking of property of another and "theft" is the term used in KRS 515.030 and all the elements of that statute are incorporated in KRS 515.020 and since Lamb did not take anything from Burton, then he could not be guilty of first-degree robbery. This argument is very novel and ingenuous, but we disagree.

Although it has been lamented that the Kentucky Penal Code, in many instances, does nothing more than slap the hand of the criminal for some offenses, such is not the case with armed robbery. Heretofore, the language "in the course of committing theft" was unknown to our statutory provisions; but with its introduction, the General Assembly focused not on the offense against the property, but rather upon the assault against the person with a deadly weapon while taking or attempting to take his possessions. In other words, the code says that while Burton was walking along Fourth Street in Lexington, he should be free from the type of action which Lamb foisted upon him whether Lamb got any of this property or not. More succinctly put:

The present approach is that unless property is actually taken from the person or presence of the victim, there is no robbery . . . . This emphasizes the property aspects of the crime and treats it as an aggravated form of theft. If, however, one is primarily concerned about the physical danger or appearances of physical danger to the citizen, and his inability to protect himself against sudden onslaughts against his person or property, then the actual taking of property diminishes in importance. . . .

For this reason, [the revision utilizes] the Model Penal Code language of 'in the course of committing theft' which extends from the attempt stage through the phase of flight. Michigan Revised Criminal Code § 3310, Commentary at 257 (1967).

With this change, robbery, as an offense against the person, is emphasized while robbery, as an offense against property, is de-emphasized. KRS 515.030, Commentary (1974).

Or as appellant quoted from the commentaries in his brief "even though the theft was incomplete."

Lamb urges that the elements of KRS 515.030 are incorporated into the first-degree provision, but fails to quote to us that section of the commentaries stating:

In this way, KRS 515.030 limits the offense of robbery to conduct which involves an unlawful taking (*or attempted taking*) of property with intent to deprive the owner of its use permanently. (emphasis added)

Appellant contends that the Legislature, by the enactment of a criminal attempt statute, fashioned a policy whereby if the armed robbery fails to net the actor any property then the state is limited to prosecuting for the attempt only. As we pointed out above, we view the first-degree robbery provision as a deterrent to assaulting an individual, while armed, with the intention of unlawfully obtaining his property whether any of that property is actually taken or not.

Lamb raises several points under the general category that the Commonwealth Attorney's closing argument was such as to require reversal. We will treat them in the order presented.

∎ The prosecutor elaborated upon the court's instruction by telling the jury that it was not necessary that the appellant get anything from the victim in order to constitute the offense charged. The record reveals that there was no objection made to the argument and the error, if any, was not preserved. RCr 9.22 requires some contemporaneous objection in order that error be preserved for appellate review and the absence thereof precludes our comment. *Ross v. Commonwealth*, Ky.App., 577 S.W.2d 6 (1978). Moreover, what we have said in response to Lamb's first contention should further dispose of this issue.

The second assignment of error in the state's closing remarks was not the subject of an objection and we will not discuss it further. RCr 9.22.

∎ Regarding the contention that it was improper for the prosecutor to express

his opinion of Lamb's guilt, we have reviewed not only the transcript of evidence, but the closing statements in their entirety, and we find that the comments made were based upon the evidence adduced in the record and were therefore, proper. *Koonce v. Commonwealth*, Ky., 452 S.W.2d 822 (1970); *Sears v. Commonwealth*, Ky., 561 S.W.2d 672 (1979). We note the several references in appellant's brief to the American Bar Association Standards Relating to the Administration of Criminal Justice, *The Prosecution Function*, but we are unaware of the adoption of this particular section of those guidelines in this jurisdiction.

Lamb complains of references made to matters outside the record, but once again, no objection being made, we refrain from reviewing the contention. RCr 9.22.

∎ The final request of appellant is that we consider the cumulative effect of the prosecutor's remarks. In that respect, this case is remarkably similar to *Bowers v. Commonwealth*, Ky., 555 S.W.2d 241 (1977). There, as here, were unpreserved errors, the imposition of the minimum sentence and more than ample evidence of guilt, and accordingly, "error, if any, was non-prejudicial." *Bowers, supra.*

The judgment is affirmed.

All concur.