**Kenneth ROSS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

May 22, 1986.

Timothy T. Riddell, Asst. Public Advocate, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., John S. Gillig, Asst. Atty. Gen., Frankfort, for appellee.

GANT, Justice.

Appellant was convicted of 15 counts of robbery in the first degree and one count of burglary in the first degree, his sentence on each of the 16 counts being enhanced to 30 years as a persistent felony offender. Three of the sentences were ordered to be served consecutively, for a total of 90 years, and the remainder to be served concurrently. Appellant appeals to us as a matter of right.

Appellant first assigns as error three of the counts which arose from a series of armed robberies which occurred at a Holiday Inn in Jefferson County on May 16, 1983. Several armed men, including appellant, entered the premises and robbed everyone in sight, employees and customers alike. The three counts questioned on this appeal involved employees of the Holiday Inn, the evidence disclosing that one man robbed the desk clerk of certain motel property; a second robbed a security guard of a walkie-talkie, allegedly belonging to the motel, while appellant entered a back office and demanded from a third employee "the money."

Appellant contends that his conviction of three separate counts of robbery in the first degree, under these circumstances, violates constitutional guarantees against double jeopardy, and argues that, since all the property belonged to one owner and was taken at one time and at one place, it was a single transaction or occurrence. We disagree.

The statute in question—KRS 515.020—reads as follows:

**Robbery in the First Degree.**—(1) A person is guilty of robbery in the first degree when, in the course of committing a theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft and when he:

(a) Causes physical injury to any person who is not a participant in the crime; or

(b) Is armed with a deadly weapon; or

(c) Uses or threatens the immediate use of a dangerous instrument upon any person who is not a participant in the crime.

Prior to the adoption of KRS Chapter 515, robbery was a part of KRS Chapter 433 and, along with arson, burglary, storehouse breaking, possession of burglary tools, etc., was denominated in Chapter 433 as an "Offense Against Property by Force." In spite of this title, robbery has always been an offense against a person and required force or threat of force against a person in order to constitute a crime. With the advent of the new Penal Code, robbery became a separate chapter, as indicated, and should be recognized as just what it is, an offense against persons. Even the gravity of the penalties for first-

degree robbery and second-degree robbery enhance the reality that it is, in fact, such an offense.

The confusion between robbery as an offense against property by force, its former misnomer, and an offense against persons, was evident in a decision by this court in *Douglas v. Commonwealth,* Ky., 586 S.W.2d 16 (1979), and has caused the argument herein relating to a single offense on the ground that the property belonged to only one person. In *Douglas,* which paradoxically arose from a robbery at the same motel, the robbers committed first-degree robbery, at gun point, upon an employee, taking his wallet and the contents of a company cash register. In holding that the separate ownership mandated conviction of two separate crimes, the court stated, "The fact that the same person was threatened during the commission of each theft in no way merges the two offenses into a single robbery." This position is not sound and ignores the fact that the robbery is an offense against a person, and not an offense against property, and that the act condemned—that is, physical injury, deadly weapon, or dangerous instrument—are not threats against a cash register. We specifically overrule *Douglas v. Commonwealth, supra,* insofar as it would declare that the number of counts for which a defendant may be convicted of robbery is dependent upon the ownership of the property taken, not upon the persons subjected to the provisions of KRS 515.020.

The second and final assignment of error arises from another series of robberies in the first degree. On July 25, 1983, appellant and two other subjects went to the Breckinridge Inn in Jefferson County with the intent to rob the business establishment. Instead, they entered a motel room occupied at the time by three couples and the twelve-year-old son of one of the couples. The armed robber seized the young man, held weapons to his head, and announced "This is an armed robbery," threatening to "blow the kid away," unless everyone cooperated. Appellant was convicted of seven counts of robbery in the first degree and argues there was insufficient evidence to sustain one of these convictions, viz., the conviction of robbery in the first degree of the twelve-year-old young man, Peter Adee.

In respect to this count, we are compelled to agree with the appellant. There are three elements required by KRS 515.020, which are: (a) threat of physical force upon another person; (b) while armed with a deadly weapon; and (c) while in the course of committing a theft. Although there is overwhelming evidence of the first two elements, there was simply no evidence there was any "course of committing a theft," either attempted, interrupted or completed, in relation to the young man. Although some other offense might have been properly charged based upon this evidence, first-degree robbery was simply not proved herein.

The judgment of the Jefferson Circuit Court is affirmed on all counts except the conviction of first-degree robbery of Peter Adee, which is reversed.

LEIBSON, GANT, VANCE and WHITE, JJ., concur.

STEPHENS, C.J., and WINTERSHEIMER, J., dissent.

WINTERSHEIMER, J., files a dissenting opinion in which STEPHENS, C.J., joins.

STEPHENSON, J., did not sit.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from that part of the majority opinion which reverses the conviction for first-degree robbery of Peter Adee.

This robbery occurred on July 25, 1983 at the Breckinridge Inn when three persons, including Ross, walked through the halls of the motel and stopped at a room with the door slightly ajar. The three men entered the room, and while pointing a shotgun at Peter Adee, who was 12 years old, stole everything they could find of value. They took nothing of value from Adee personally, but it is clear that the intent was to rob

all the people in the room of whatever valuables they possessed. The limits of the search were not precisely defined by the testimony.

KRS 515.020 provides in part that a person is guilty of robbery in the first degree, when in the course of committing theft, he uses or threatens the use of physical force upon another person with the intent to accomplish the theft and when he is armed with a deadly weapon. All of these conditions were met in this situation.

*Lamb v. Commonwealth,* Ky.App., 599 S.W.2d 462 (1980), is dispositive of this situation. In *Lamb, supra,* a passerby was accosted on the street and told to give the assailant whatever he had in his pockets. The victim got away and nothing was stolen. Lamb was convicted of first-degree robbery. The decision examines the statute at length, and observed, as did the majority in this case as to the first issue, that the new statute placed emphasis on the victim of the crime and not on the property. The new statute reads "in the course of committing theft." Clearly it was the intention of the General Assembly to provide a deterent to armed assault on individuals with the intent of unlawfully obtaining his property whether or not any of that property was actually taken.

The new thrust of the law is primarily concerned with the physical danger or possible physical danger to the ordinary citizen and his inability to protect himself against the sudden armed onslaught against his person or property, rather than the actual taking of property. *See Lamb, supra,* quoting the Michigan Revised Criminal Code, § 3310, Commentary at 257 (1967). With this change, robbery as an offense against the person, is emphasized while robbery as an offense against property is de-emphasized. KRS 515.030, Commentary, 1974.

The jury in this case could properly infer that Ross and his companions intended to rob any and all of the occupants of the motel room.

I would affirm the conviction in all respects.

STEPHENS, C.J., joins in this dissent.