Keith MORGAN, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

and

Cornelius COCHRUM, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Supreme Court of Kentucky.

April 30, 1987.

Daniel T. Goyette, Public Defender, Frank W. Heft, Jr., Chief Appellate Defender, Jefferson District Public Defender, Louisville, for appellant Morgan.

Daniel T. Goyette, Public Defender, J. David Niehaus, Deputy Appellate Defender, Jefferson District Public Defender, Louisville, for appellant Cochrum.

David L. Armstrong, Atty. Gen., C. Lloyd Vest, II, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Justice.

The question is whether a conviction for robbery may be sustained in a case in which physical force is used against one person in order to accomplish a theft of property from another person, but where no property is taken from the person against whom the physical force is used or threatened.

These two cases arise from an incident involving a single theft of property from a household. The appellant in each of the above-styled cases participated in the theft. Each appellant was armed with a deadly weapon. The household was occupied by the owner's daughter and a friend at the time of the theft, but neither the daughter nor the friend owned any of the property taken in the theft.

Each appellant was convicted of two counts of robbery in the first degree and one count of burglary. In addition, appellant Cochrum was convicted as a persistent felony offender.

Each appellant filed a separate appeal in which only the robbery convictions were challenged.

The pertinent facts are that Keith Morgan and Cornelius Cochrum entered the residence of Linda Shaw and stole various items of household furniture therefrom. Mrs. Shaw was not at home at the time, but her daughter, Kellie Hatchett, and the daughter's friend, Keith Fowler, were present.

Once inside the house, the appellant Cochrum held Fowler at gunpoint in the living room and told him not to move or speak. The appellant Morgan proceeded into the bedroom and was followed by Kellie Hatchett. Thereupon, Morgan pulled a gun upon Hatchett, directed her to stand aside and be quiet, and began unplugging various pieces of home entertainment equipment. The appellant Cochrum later came into the bedroom and assisted Morgan in carrying the equipment out of the house.

## THE MORGAN APPEAL

The sole contention of the appellant Morgan, on appeal, is that no property was

taken from Kellie Hatchett or Keith Fowler, the persons threatened with the use of immediate physical force, and therefore they were not robbed. Although admitting that a theft occurred, he contends it was only a theft and not a robbery. Appellant Morgan cites *Ross v. Commonwealth*, Ky., 710 S.W.2d 229 (1986) in support of his contention. The Commonwealth admits that *Ross* support's appellant's contention but urges that *Ross* should be overruled.

In *Ross*, three men entered a motel room occupied by three couples and the young son of one of the couples. Ross held a weapon to the head of the young boy and threatened to blow him away unless the other six occupants of the room cooperated. Ross was convicted of seven counts of robbery in the first degree, one count for each of the six adults, and one count for the robbery of the young boy.

This court reversed the conviction which related to robbery of the young boy because the evidence disclosed that nothing was taken from him. In effect we held that because nothing was taken from the boy, the threat of force applied against him in order to accomplish a theft from the other adults in the room did not constitute a robbery of the boy.

The appellants here are in exactly the same position as was Ross because, likewise, they took nothing of value from the two people against whom they threatened the immediate use of physical force. We have decided to re-examine the holding in *Ross v. Commonwealth, supra.*

█ Robbery is a combination of the offenses of theft and assault. To sustain a conviction for robbery, all of the elements of theft or attempted theft must be proved plus the additional element that in the course of committing theft the use or the threat of immediate use of physical force upon another person with intent to accomplish the theft.

K.R.S. 515.020 provides:

"(1) A person is guilty of robbery in the first degree when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft and when he:

"(a) Causes physical injury to any person who is not a participant in the crime; or

"(b) Is armed with a deadly weapon; or

"(c) Uses or threatens the immediate use of a dangerous instrument upon any person who is not a participant in the crime.

"(2) Robbery in the first degree is a Class B felony."

█ Whereas theft has always been considered to be a crime against property, the distinguishing element between theft and robbery is the additional element of the use or the threat of immediate use of physical force against a person.

The commentary accompanying the penal code may be used as an aid in the interpretation of the code. K.R.S. 500.100. The commentary in respect to Chapter 515 of the Kentucky Statutes states:

"Robbery is a combination of two other crimes (theft and assault) and has been typically defined as 'larceny from the person by violence or intimidation.' Perkins, Criminal Law 279 (2d ed. 1969). Because of this combination the offense has always been viewed as a very serious crime. and punished with severe sanctions. No change in this viewpoint is contained in this chapter, as the two robbery offenses are classified as Class B and Class C felonies. This classification should sufficiently reflect the danger to society that is involved in this type of behavior.

"With respect to the definition of robbery that is presented in the preceding paragraph, the provisions of this chapter make one rather significant change. *Each of the new robbery offenses is viewed 'as a use of force to facilitate theft and not, as it is now viewed, as a forcible taking from the person.'* ..." [Emphasis added.]

With respect to K.R.S. 515.030, the commentary states:

"In another respect, however, KRS 515.030 makes an important change in

the traditional robbery offense. This change results from the language, 'in the course of committing theft,' which is intended to expand the scope of robbery to permit a conviction even though the theft was incomplete. The reason for this expansion was explained as follows in the Commentary to the proposed Michigan Code:

> The present approach is that unless property is actually taken from the person or presence of the victim, there is no robbery.... This emphasizes the property aspects of the crime and treats it as an aggravated form of theft. If, however, one is primarily concerned about the physical danger or appearances of physical danger to the citizen, and his inability to protect himself against sudden onslaughts against his person or property, then the actual taking of property diminishes in importance.... For this reason, [the revision utilizes] the Model Penal Code language of 'in the course of committing theft' which extends from the attempt stage through the phase of flight. Michigan Revised Criminal Code § 3310, Commentary at 257 (1967).

> With this change, robbery, as an offense against the person, is emphasized while robbery, as an offense against property, is de-emphasized."

■ K.R.S. 515.020 simply requires proof of the use or the threat of use of immediate physical force against another person during the course of the commission of theft plus proof that the perpetrator of the crime was armed with a deadly weapon or used or threatened the use of a dangerous instrument upon a person who was not a participant in the crime or caused physical injury to any person who was not a participant in the crime.

■ It does not require proof that the theft of property be from the person against whom the force was used or threatened. A fair interpretation of K.R.S. 515.-020 is that while a theft or an attempted theft must be shown, the gravamen of the offense is, as the commentary indicates, the use or the threat of use of physical force against another person in order to accomplish the theft. Since the threat of physical force is the element which justifies a higher degree of punishment for robbery than for theft, we think the General Assembly intended the higher punishment to apply where physical force is used or threatened against any person with intent to accomplish theft, whether or not the intended theft was of the property of the person against whom the threat was directed.

To the extent that *Ross v. Commonwealth, supra,* holds to the contrary, it is hereby overruled.

### THE COCHRUM APPEAL

■ The appellant Cochrum challenges his conviction of first-degree robbery of Keith Fowler. He contends: (1) that no property was taken from Fowler and therefore Fowler was not robbed, and (2) the fact that he pulled a gun on Keith Fowler and held him against his will in the living room was not accompanied by any evidence that he did so "with intent to accomplish theft." Earlier in this opinion we have decided Cochrum's first contention adversely to him. The second contention is without merit. The fact that he entered the premises with Morgan, held Keith Fowler at gunpoint in the living room, and later assisted Morgan in removing property from the home is sufficient evidence to justify an inference that Cochrum's use of the weapon against Fowler was with the intent to accomplish a theft.

Cochrum also claims the trial court erred when it refused to permit him to introduce testimony that one Dewayne Deberry had stated that it was Deberry, not Cochrum, who participated in the robbery with Morgan. Dewayne Deberry was not present at trial and did not testify.

■ Counsel for Cochrum contended that the alleged out-of-court statements of Deberry were admissible because they were statements against interest and because counsel had tried to secure Deberry's attendance in court. He cites *Crawley v. Commonwealth,* Ky., 568 S.W.2d 927

(1978); and *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). These cases are not applicable, however, because they apply to a declarant who was unavailable as a witness. Here, there is not a showing that Deberry was unavailable as a witness. No subpoena was issued to compel his attendance, and the mere statement of counsel that he tried to secure the attendance of the witness without setting forth what, if any, efforts he exerted to secure the attendance, is not sufficient to establish that the witness was unavailable to testify. We hold the trial court did not err in the exclusion of the testimony.

The judgment of the conviction of the appellant Keith Morgan in case No. 86–SC–249–TG is affirmed.

The judgment of conviction of Cornelius Cochrum in case No. 86–SC–414–MR is affirmed.

All concur.