William Ray STARK, Jr., Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 90–SC–134–MR.

Supreme Court of Kentucky.

Nov. 21, 1991.

Rehearing Denied June 4, 1992.

Daniel T. Goyette, Jefferson Dist. Public Defender, Bruce P. Hackett, Deputy Appellate Defender of the Jefferson Dist. Public Defender, Louisville, for appellant.

Frederic J. Cowan, Atty. Gen., Todd D. Ferguson, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for appellee.

REYNOLDS, Justice.

By a multicount indictment, appellant, Stark, was charged and at a single trial prosecuted on 26 counts of robbery in the first degree, one count of assault in the first degree, one count of second-degree assault, and carrying a concealed deadly weapon. The jury determined guilt on 25

counts of robbery in the first degree, one count of robbery in the second degree, one count of assault in the first degree, one count of assault in the second degree, one count of theft by unlawful taking over $100, and one count of carrying a concealed deadly weapon. Sentences totaling 537 years were recommended with the further recommendation that such sentences be served consecutively.

Appellant raises seven allegations of error. We find that two of these allegations constitute error.

The first of appellant's arguments for reversal involves the prosecutor's use of peremptory challenges to eliminate blacks from the jury. Upon the request of the defense, the prosecutor explained the reasons for his strikes of black panel members. Specifically, misuse of the peremptory challenge was directed as to Juror Buckman, and it was explained that none of the Commonwealth's representatives had a "reading" on her because she had not spoken during voir dire. Neither Jurors Dickerson or Johnson were struck by the Commonwealth, while the defense did strike Dickerson. Johnson had been removed by random draw and the Commonwealth advised that it would have no objection to placing this juror back on the jury and simultaneously removing another juror by random draw as Johnson was acceptable to both parties. The trial court then inquired if appellant would withdraw the *Batson* objections if this was done and to which action appellant agreed. The court held there was no *Batson* violation inasmuch as appellant agreed to forego any *Batson* issue by the reseating of Juror Johnson. We agree and find no error.

■ *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), calls for a racially neutral explanation which is related to the case, but the reason for the strike need not rise to a challenge for cause. Peremptory challenges may be based upon perception or impressions of counsel. Here, a portion of the prosecutor's explanation for the peremptory challenge of Juror Buckman, although apparently inconsistent, is both sufficient and

neutral when considered in its totality. Ms. Buckman's personal experience with the justice system was indeed sufficient to create a void wherein a "juror's estimate" could not be made. *United States v. Wilson*, 867 F.2d 486 (8th Cir.1989). Appellant has not demonstrated the explanations to be pretextual and the prosecutor's proffered explanations met *Batson* standards. Therefore, the trial court's finding stands as not clearly erroneous. *Stanford v. Commonwealth*, Ky., 793 S.W.2d 112 (1990).

The next assertion of error states that four counts of the indictment which charge robbery in the first degree of a place or a business entity fail to state an offense. Count 12 provided:

## COUNT TWELVE

That on or about the 23rd of April, 1989, in Jefferson County, Kentucky, the above named defendant, William Ray Stark, Jr., committed the offense of Robbery in the First Degree, by threatening the immediate use of physical force upon Moby Dick Restaurant, 2700 South Third Street while armed with a gun, and in the course of committing a theft.

■ Counts 23, 26, and 36 provided respectively that the subjects of the offense were 4–Star Video, Hardees Restaurant, and Spalding Cleaners. No motion to dismiss these counts for failure to state an offense was made during the trial court proceedings. However, for an alleged defect in an indictment to be considered on appeal, it must be preserved for review. RCr 6.12, *Strunk v. Commonwealth*, 302 Ky. 464, 194 S.W.2d 1002 (1946). Thus, a defect in an indictment is waived unless raised by timely objection.

■ The Commonwealth buttresses this form of argument with the comment that an indictment is sufficient if it fairly informs the appellant of the nature of the charge against him. *Johnson v. Commonwealth*, Ky.App., 709 S.W.2d 838 (1986). While it is clear that the appellant was aware of the nature of the charges against him, it is also apparent that robbery in the

first degree, under the Penal Code, is an offense against a person. KRS 515.020 provides:

A person is guilty of robbery in the first degree when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft and when he:

(a) Causes physical injury to any person who is not a participant in the crime; or

(b) Is armed with a deadly weapon; or

(c) Uses or threatens the immediate use of a dangerous instrument upon any person who is not a participant in the crime.

The commentary thus accompanying the Penal Code may be used as an aid in construing the provisions of this Code. KRS 500.100. The commentary in respect to KRS Chapter 515 is assuredly clear that robbery in the first degree is the using or threatening to use force against a person and it is only a person that can be the victim of a robbery. An indictment alleging robbery in the first degree accomplished by threatening the immediate use of physical force upon Moby Dick Restaurant or 4–Star Video or Hardees Restaurant or Spalding Cleaners simply fails to state an offense. Inanimate objects or businesses may not be the victim of robbery as provided by the statute. Robbery can be committed only against a person.

The four counts of the indictment referring to robbery of business entities is neither a defect nor imperfection since the indictment fails to state a public offense. The sufficiency of these counts of the indictment could be raised on appeal although no motion was filed.

The rule is that where an indictment fails to state a public offense, the sufficiency thereof may be raised on appeal. It is where the indictment defectively states a public offense that such defect is waived unless objected to. *Strunk v. Commonwealth, supra; Morgan v. Commonwealth*, Ky., 730 S.W.2d 935 (1987). RCr 8.18 provides:

"Defenses and objections based on defects ... in the indictment ... other than that it fails to show jurisdiction in the court or *to charge an offense* may be raised only by motion before trial.... Lack of jurisdiction or the *failure of the indictment* or information *to charge an offense shall be noticed by the court at any time* during the proceedings." (Emphasis added).

In addition to the indictment, the jury instructions, jury sentence and judgment of conviction upon Counts 12, 23, 26, and 36 referred solely to the business entity. The indictment was void since the correct test is whether the indictment states a public offense. The indictment, on Counts 12, 23, 26 and 36, does not support a conviction for robbery in the first degree because it fails to state a vital fact that the robbery was committed upon a person. *See Duncan v. Commonwealth*, Ky., 330 S.W.2d 419 (1959). The indictment is void as to Counts 12, 23, 26 and 36 and, therefore, those counts must be dismissed. The resulting sentences of 79 years for these counts are vacated.

Another question in this case is whether the constitutional protection against double jeopardy forbids the conviction of appellant for multiple counts of robbery where both business funds and personal property were taken from an individual during the robbery. The indictments herein are a proliferation of counts pertaining to robbery in the first degree offenses and several of which spring from a single criminal act. Each of the following scenarios is considered in light of the multi-punishment issue.

Edmond Muth was a cashier/employee of Sav-a-Step Food Mart and was the only person at the store premises during the April 23, 1989, robbery. Both business funds and Mr. Muth's credit card and gold jewelry were taken. Three counts of Robbery I (KRS 515.020) were returned in the indictments. We determine that two of the counts (Counts 10 and 38—August 1989 indictment) were duplicative as they charged appellant with "Robbery in the First Degree ... upon Edmond Muth (Sav-

a-Stop Food Mart)...." for which a judgment of conviction and sentence of 19 years was imposed. An additional count (Count 5—November 1989 indictment) charged appellant with "Robbery in the First Degree ... upon Edmund Muth...." for which a judgment of conviction and sentence of 20 years was imposed.

 The Commonwealth's argument is not persuasive when it is stated that separate robbery convictions may result, under the facts of this case, when business funds and an individual's property are taken during a single robbery incident. Such an argument ignores the fact that robbery is an offense against a person and not an offense against property and that the act condemned is physical injury, being armed with a deadly weapon or use or threat of immediate use of a dangerous instrument upon a person and not against the store safe from which the business funds were obtained. This is simply a continuing course of conduct and a single criminal impulse. This foregoing holding in *Ross v. Commonwealth*, Ky., 710 S.W.2d 229, 231 (1986), was not overruled by *Morgan v. Commonwealth*, Ky., 730 S.W.2d 935 (1987). Herein we have but a single act constituting a single offense and violation of only one statute (KRS 515.020). When the impulse is single, only one indictment lies. The present interpretation of Section 13 of the Kentucky Constitution which prohibits an accused from being placed in double jeopardy for the same offense, prohibits the Commonwealth from carving out of one act or transaction two or more offenses. *Ingram v. Commonwealth*, Ky., 801 S.W.2d 321 (1990). The prohibition extends to indicting appellant both for robbery in the first degree of Mr. Muth, individually, and indicting appellant for the robbery of Mr. Muth in his counterpart status as Sav-a-Step Food Mart.

 *Morgan, supra,* emphasizes the intention of the General Assembly that the higher punishment for robbery rather than for theft is to apply where physical force is used or threatened against any person with intent to accomplish theft, *whether or not* the intended theft was· of property of the person against whom the threat was directed.

The conviction and 20–year sentence for the offense of robbery in the first degree upon Edmond Muth is affirmed. The conviction and 19–year sentence for the offense of robbery in the first degree upon Edmond Muth (Sav-a-Step Food Mart) is reversed and the sentence thereunder is vacated.

For the same reasoning, the conviction and 20–year sentence for the offense of robbery in the first degree upon Paul Timperman is affirmed. The conviction and 19–year sentence for the offense of robbery in the first degree upon Paul Timperman (System Parking) is reversed and the sentence thereunder is vacated.

The conviction and 20–year sentence for the offense of robbery in the first degree upon Frank Lardner is affirmed. The conviction and 19–year sentence for the offense of robbery in the first degree upon Frank Lardner (Jefferson Community College Parking Lot) is reversed and the sentence thereunder is vacated.

The conviction and 20–year sentence for the offense of robbery in the first degree upon Kevin Age is affirmed. The conviction and 20–year sentence for the offense of robbery in the first degree upon Kevin Age (Roadrunner Video) is reversed and the sentence thereunder is vacated.

 It is additionally argued by the appellant that the convictions for the April 23, 1989, robbery of Greg Beeler, Angela Hager and Patsy Combest (all employees of Moby Dick Restaurant) resulted in multipunishment as there was but one robbery, or, in the alternative, that the taking of the Moby Dick Restaurant funds and the personal property of each individual was a part of one single transaction. The authority cited by appellant, *Marshall v. Commonwealth*, Ky., 625 S.W.2d 581 (1981), is clearly distinguishable. We find no constitutional inhibitions for affirming the resulting convictions and imposition of 20–year sentences for the robberies of the three aforementioned employees. *See Ross v.*

*Commonwealth, supra, Morgan v. Commonwealth, supra.*

*Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, (1970), would not prohibit three separate charges for the robbery of each of the three employees. The three robberies, although taking place on the same occasion, constitute three separate offenses upon three different individuals. The issues differ in the identification of the victims. There is a joinder in one trial of all charges against appellant that grew out of a single criminal episode. Under KRS 515.020, the criminal conduct is readily divisible and is personal insofar as each offense is an offense against a different person. Stated otherwise, the number of counts for which appellant may be convicted of robbery is dependent upon the number of persons subjected to the provisions of KRS 515.020.

■■■ Appellant also maintains that the evidence was insufficient to sustain a conviction for carrying a concealed firearm when the proof demonstrated that the appellant's pistol was not functional. Review of the video tape at all sections cited by appellant and referred to by appellee, reveals that this issue simply has no evidentiary foundation. Three pistols were chronologically introduced into evidence. No inoperable or nonfunctional evidence was introduced into evidence as to the condition of the first pistol, which was the weapon found on appellant. Two additional pistols, found at appellant's home, were also introduced into evidence and those are the weapons to which the terms "nonfunctional or inoperable" were applied by the Commonwealth's witness and upon which evidence appellant bases this issue. The Commonwealth is not required to prove that the weapon was operable. *See Mosely v. Commonwealth,* Ky., 374 S.W.2d 492 (1964).

■■■ Was it error for the trial court to dismiss charges without explanation to the jury inasmuch as the judge discussed each count of the indictment during voir dire? Appellant admits the issue is not preserved and since this assertion fails to rise to the level of manifest injustice, there is no palpable error. RCr 10.26.

■■■ Was it error not to strike for cause jurors who were victims of robberies and others who had family members/acquaintances with a relationship to businesses named in the indictment? Three of the jury panel had indirect connections with some victims. None of the jurors had communicated with their respective associates concerning the robberies nor were such associates scheduled to be called as witnesses. The relationships as described are too tenuous upon which to base error. The fact that two other veniremen had been previously robbed was, upon examination, an insufficient basis for discharging the jurors. One of the jurors about whom appellant complained was dismissed from the case by random draw prior to the exercise of peremptory challenges. The trial court's decision has been reviewed in the totality of circumstances and was not limited to the jurors' response to a "magic question." *See Montgomery v. Commonwealth,* 819 S.W.2d 713 (1991). The probability of bias or prejudice does not appear, and the jurors' connections are too attenuated to compel reversal. The trial court's ruling was not erroneous.

■■■ Lastly, the trial court is charged with abusing its discretion by subjecting appellant to cruel punishment by ordering consecutive sentences totaling 537 years. No objection was made to the sentencing instruction although appellant requested the court to refrain from imposing consecutive sentences upon all charges. The court accepted the jury's recommendation of consecutive sentences. The error, if any, is not preserved. *Duke v. Commonwealth,* Ky., 750 S.W.2d 432 (1988). No constitutional violation is presented. Sentencing is determined by KRS 532.110(1) wherein the court shall determine at the time of sentencing whether multiple sentences run concurrently or consecutively. No statutory provision exists for the jury to fix the manner of serving a sentence. *Dotson v. Commonwealth,* Ky., 740 S.W.2d 930 (1987).

In summary, the judgment of conviction is affirmed in part and reversed in part. From the original sentence of 537 years, we vacate 156 years based upon the reversal of the counts of the indictment enumerated in this opinion. This case is remanded to Jefferson Circuit Court with directions to enter a judgment and sentence consistent with this opinion.

STEPHENS, C.J., and COMBS, LAMBERT, LEIBSON and SPAIN, JJ., concur.

WINTERSHEIMER, J., concurs by separate opinion.

WINTERSHEIMER, Justice, concurring.

I concur in the result which affirms the conviction and reverses in part the fixing of sentence. However, I must respectfully disagree with that part of the opinion which relates to an analysis of double jeopardy and the so-called criminal impulse. As I have stated in my dissents in *Walden v. Commonwealth*, Ky., 805 S.W.2d 102 (1991) and *Ingram v. Commonwealth*, Ky., 801 S.W.2d 321 (1990), I believe the majority has misconceived the application of *Grady v. Corbin* and has confused multiple punishment with successive punishment in those cases.