**Donald REARDON, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

**No. 93–CA–003034–MR.**

Court of Appeals of Kentucky.

May 5, 1995.

Discretionary Review Denied by
Supreme Court Oct. 11, 1995.

Susan J. Balliet, Prospect, for appellant.

Chris Gorman, Atty. Gen., Lana Grandon, Asst. Atty. Gen., Frankfort, for appellee.

Before LESTER, C.J., and HUDDLESTON and JOHNSON, JJ.

JOHNSON, Judge:

Donald William Reardon (Reardon) brings this appeal from an order of the Carroll Circuit Court entered December 8, 1993, which denied his Kentucky Rules of Criminal Procedure (RCr) 11.42 motion to vacate sentence. We affirm.

On August 3, 1992, the Carroll County grand jury returned an indictment against Reardon charging him with first-degree robbery (Kentucky Revised Statutes (KRS) 515.020) and being a first-degree persistent felony offender (PFO I) (KRS 532.080).

On August 10, 1992, Reardon entered his plea of not guilty; his trial was set for October 13, 1992. Reardon entered into a plea agreement with the Commonwealth on October 5, 1992. The parties agreed that upon Reardon's plea of guilty to first-degree robbery, the Commonwealth would recommend he receive a sentence of 20 years in prison to run consecutively with any prior convictions and the Commonwealth would move to dismiss the complicity charge and the PFO I charge. The trial court accepted the agreement, and on October 12, 1992, the trial court dismissed the PFO I charge and the complic-ity charge. Reardon was sentenced on November 9, 1992, to 20 years in prison to be served consecutively with any prior convictions.

On November 24, 1993, Reardon filed a motion to vacate his sentence pursuant to RCr 11.42. Reardon's motion was denied by the trial court on December 8, 1993. This appeal followed.

On appeal, Reardon argues that his conviction must be set aside because the indictment to which he pled guilty was void and unenforceable as it failed to state a public offense. He cites *Stark v. Commonwealth,* Ky., 828 S.W.2d 603 (1992), in support of his argument. Reardon argues that the facts in his case are "on all fours" with those in *Stark.* However, we find *Stark* to be clearly distinguishable. In *Stark,* the Supreme Court stated, in part, as follows:

The next assertion of error states that four counts of the indictment which charge robbery in the first degree of a place or a business entity fail to state an offense. Count 12 provided:

### COUNT TWELVE

That on or about the 23rd of April, 1989, in Jefferson County, Kentucky, ... William Ray Stark, Jr., committed the offense of Robbery in the First Degree, *by threatening the immediate use of physical force upon Moby Dick Restaurant,* ... while armed with a gun, and in the course of committing a theft.

\* \* \* \* \* \*

The indictment was void since the correct test is whether the indictment states a public offense. The indictment, on Counts 12, 23, 26 and 36, does not support a conviction for robbery in the first degree because *it fails to state a vital fact that the robbery was committed upon a person.*

*Id.* at 605–606 (emphasis added) (citation omitted).

Count I of Reardon's indictment specifies the use of force or threat of force upon a person and not a business entity as in *Stark* and is therefore distinguishable. Count I of Reardon's indictment provided:

362

That on or about the 29th day of June, 1992, in this county and state, the above-named defendant, Donald William Reardon, alone or in complicity, committed the offense of Robbery in the First Degree, in that he robbed Kentucky Fried Chicken and in the course of so doing and with the intent to accomplish the robbery, *he used or threatened the immediate use of physical force causing physical injury to a person* not a participant in the robbery, or he was armed with a deadly weapon, *or he used or threatened the immediate use of a dangerous instrument upon a person* not a participant in the crime (emphasis added).

Reardon's indictment properly stated the offense of first-degree robbery as required by *Stark,* and the trial court did not err in denying Reardon's RCr 11.42 motion.

The order of the Carroll Circuit Court is affirmed.

All concur.