83 F.3d 422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Lee FORTNEY, Petitioner-Appellant,
v.
Mike WILLIAMS, Parole Officer, Respondent-Appellee.
 No. 95-5431.
 United States Court of Appeals, Sixth Circuit.
 April 22, 1996.
 
 1
 Before: SUHRHEINRICH and COLE, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 David Lee Fortney, a Kentucky state prisoner, requests the appointment of counsel and appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Fortney entered a guilty plea in 1983 to two counts of second degree robbery involving a service station and its attendant. He was sentenced to concurrent five-year terms of imprisonment which were enhanced to ten years due to his status as a second degree persistent felony offender. After unsuccessfully pursuing post-conviction relief in the state courts, Fortney filed this petition alleging that: 1) his two robbery convictions violated double jeopardy as they arose from a single course of conduct; 2) his conviction of robbery of a service station is not an offense because robbery can only be of a person; 3) he did not understand the nature of the charges; 4) there was no factual basis for the guilty plea; and 5) he received ineffective assistance of counsel. The district court dismissed the petition.
 
 
 4
 Upon review, we conclude that this petition was properly dismissed, as Fortney procedurally defaulted on most of his claims, and the only claim properly preserved for review is based on a change in the law that is not retroactively applicable to his conviction.
 
 
 5
 In order to properly exhaust his state remedies, Fortney was required to present all of his claims to the highest court in the state. See Silverburg v. Evitts, 993 F.2d 124, 126-27 (6th Cir.1993). The record shows that, after the Kentucky Court of Appeals remanded his post-conviction action for an evidentiary hearing on his double jeopardy argument, the state appealed to the Kentucky Supreme Court and Fortney neither cross-appealed nor briefed any other issue before the Supreme Court. Thus, he did not properly exhaust the only available state remedy as to any other claim. Fortney has not attempted to argue cause or prejudice to excuse this procedural default. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Although he argues that his actual innocence provides an exception to the procedural default rule, see Olsen v. McFaul, 843 F.2d 918, 932 (6th Cir.1988), we find that argument belied by the record in this case. Thus, only Fortney's double jeopardy claim is properly before this court.
 
 
 6
 In support of his double jeopardy claim, Fortney relies on Stark v. Commonwealth, 828 S.W.2d 603, 607 (Ky.1991) and Ross v. Commonwealth, 710 S.W.2d 229, 231 (Ky.1986). These cases overruled prior Kentucky precedent in holding that a defendant could not be convicted of a robbery of both a person and the place where the victim worked, if no other person was threatened with violence. However, since this construction of the Kentucky robbery statute was not dictated by precedent at the time of Fortney's conviction, it cannot be retroactively applied to his case on collateral review. See Teague v. Lane, 489 U.S. 288, 301 (1989). No exception to the Teague rule applies here, as the changes in the law neither decriminalized Fortney's conduct nor implicated the fundamental fairness of his plea proceedings. See Caspari v. Bohlen, 114 S.Ct. 948, 956-57 (1994).
 
 
 7
 As the only claim properly before the court depends on a change in the law which is not retroactively applicable to this case, the request for counsel is denied and the district court's order dismissing the petition is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation