Gregory D. SPEARS, Jr., Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2002–SC–0544–MR.

Supreme Court of Kentucky.

Oct. 23, 2003.

As Modified on Denial of Rehearing
Jan. 22, 2004.

Gail Robinson, Assistant Public Advocate, Frankfort, Counsel for Appellant.

A.B. Chandler, III, Attorney General of Kentucky, Tami Allen Stetler, Assistant Attorney General, Criminal Appellate Division, Frankfort, Counsel for Appellee.

JOHNSTONE, Justice.

Appellant, Gregory D. Spears, was indicted on two counts of first-degree robbery, one count of first-degree rape, and one count of first-degree burglary. He subsequently pled guilty to the charges and was sentenced to a total of sixty (60) years' imprisonment. He appeals to this Court as a matter of right. For the reasons set forth below, we affirm the judgment of the Fulton Circuit Court.

## I. Continuance

Spears argues that the trial court abused its discretion in denying his motion for a continuance to allow for the preparation and submission of an alternative sentencing plan. While generally a "plea of guilty made knowingly and voluntarily, waives all defenses to the original charges other than the defense that the indictment fails to charge an offense," *Corbett v. Commonwealth*, Ky., 717 S.W.2d 831, 832 (1986), we addressed a very similar issue in connection with an alternative sentencing plan in *Hughes v. Commonwealth*, Ky., 875 S.W.2d 99 (1994). Thus, we can reach the merits of Spears' argument.

■ Spears argues that, under KRS 533.010, the trial court was required to consider probation with an alternative sentencing plan before imposing sentence upon him. But, because Spears's conviction for first-degree rape made him a violent offender under KRS 439.3401, the trial court was precluded from considering this sentencing option by KRS 439.340(3), which states in pertinent part: "[a] violent offender who has been convicted of a...Class B felony...*shall not be released on probation* or parole until he has served at least eighty-five percent (85%) of the sentence imposed." (Emphasis added). *See also* KRS 533.010(2).

Thus, granting Spears' motion for a continuance would have been an act of futility. There was no error.

## II. Double Jeopardy

■ Next, Spears argues that his conviction on the first count of first-degree robbery must be dismissed because the conviction violated constitutional double jeopardy principles. We are not able to reach the merits of this issue because the alleged error has been waived.

"[T]he rights contained in the Double Jeopardy Clause are personal and can be waived by a defendant." *United States v. Leyland*, 277 F.3d 628, 631–32 (2nd Cir. 2002) (internal quotation marks omitted). The voluntary entry of a guilty plea is one way in which these rights can be waived, because "[b]y entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." *United States v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 762, 102 L.Ed.2d 927, 936 (1989). That is, "[j]ust as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does a defendant who pleads guilty to two counts with facial allegations of distinct offenses concede that he has committed two separate crimes." *Id.*, 488 U.S. at 570, 109 S.Ct. at 763, 102 L.Ed.2d at 936. "Therefore, a defendant who signs a plea agreement before raising his double jeopardy claims waives the right to press those claims." *Leyland*, 277 F.3d at 632.

■ The two exceptions to the waiver rule provide that a defendant has standing to challenge (1) whether the plea was entered knowingly and voluntarily and (2) the right of the government to bring the

charges at all. *United States v. Brown,* 155 F.3d 431, 434 (4th Cir.1998). Additionally, the defendant retains the right to challenge whether the indictment on its face describes two or more distinct crimes. *Leyland,* 277 F.3d at 632. Spears makes no claim that either exception applies, but, he does appear to make a facial double jeopardy challenge against the indictment.

■ The Double Jeopardy Clause operates to bar subsequent prosecution for an offense, once the defendant has been acquitted or convicted, and to prohibit multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969). Obviously, this case does not concern a subsequent prosecution. Thus, we turn to the question of whether, in pleading guilty to the charges in the indictment, Spears was subjected to multiple punishments for the same offense.

■ Count I of the indictment states in pertinent part that Spears

knowingly and unlawfully committed the offense of Robbery in the First Degree when in the course of committing theft, he threatened the immediate use of a deadly weapon, namely a gun, upon [the victim], with the intent to accomplish a theft of funds from the Kentucky Farm Bureau in the front office of the Kentucky Farm Bureau Agency in Hickman, Kentucky.

Count II of the indictment states in pertinent that Spears

knowingly and unlawfully committed the offense of Robbery in the First Degree when in the course of committing theft, he threatened the immediate use of a deadly weapon, namely a gun, upon [the victim], with the intent to accomplish a theft of personal funds from [the victim] in the back office of the Kentucky Farm Bureau Agency in Hickman, Kentucky.

Relying on *Stark v. Commonwealth,* Ky., 828 S.W.2d 603 (1991), *overruled in part, Thomas v. Commonwealth,* Ky., 931 S.W.2d 446 (1996), Spears argues that the two above counts represent a single indictable offense. *Id.* at 607. In *Stark,* the defendant was indicted for many counts of robbery. The robbery charges outlined in *Stark,* important to the case at bar, concern the counts for first-degree robbery of one Mr. Muth individually and "in his counterpart status as Sav–a–Step Food Mart." *Id.* Based on the conclusion that these two indictments were part of "a continuing course of conduct and a single criminal impulse," *Stark* held that only a single indictment was proper. *Id. Stark* relied on *Ingram v. Commonwealth,* Ky., 801 S.W.2d 321 (1990), which holds that Section 13 of the Kentucky Constitution prohibits the Commonwealth from charging multiple offenses based on a single criminal act and impulse. *Id.* But we abandoned *Ingram*'s single-impulse test in *Commonwealth v. Burge,* Ky., 947 S.W.2d 805 (1997). While this might appear to deplete *Stark* of precedential value here, that is not the case.

Instead of overruling *Stark*'s holding that the two first-degree robbery convictions for the nearly simultaneous robbery of a clerk and the store was an unconstitutional imposition of multiple punishments for the same offense, we stated in *Burge* that "[t]he same result could have been reached simply by noting that since robbery is a crime against the person, there was only one victim, thus only one crime." *Burge,* 947 S.W.2d at 810. Thus, under both *Stark* and *Burge,* the robbery of a store clerk and the store constitutes a single offense. But in *Stark,* the robbery of Mr. Muth, the clerk, and the robbery of the Sav–a–Step store apparently occurred almost simultaneously. The indictments at issue here describe a scenario.

Count I alleges that the robbery of the Farm Bureau took place in the front office and Count II alleges that the robbery of the victim's personal funds occurred in the back office. Thus, the two robberies were separated by time and distance and, therefore, the two charges describe two distinct criminal acts. *See, e.g., Johnson v. State,* 774 N.E.2d 1012, 1015 (Ind.Ct.App.2002) (two convictions for resisting law enforcement held not to violate double jeopardy principles where the first incident of resistance occurred in one county and the second incident in another); *State v. Cooper,* 124 N.M. 277, 949 P.2d 660, 671 (1997) (describing indicia of distinctness in offenses that include separation between the illegal acts in time and distance, the nature of the acts, the objectives and results of the acts, intervening events, and the behavior of the defendant between acts). Thus, our review of the indictment reveals that Spears was charged with two distinct counts of first-degree robbery. By all accounts, his plea was knowingly and voluntarily entered. And nothing in the record indicates that the Commonwealth lacked the right to charge Spears with both counts of first-degree robbery. Therefore, we hold that Spears waived his right to challenge his two convictions for first-degree robbery on double jeopardy grounds when he pled guilty to both counts.

For the reasons set forth above, the judgment of the Fulton Circuit Court is affirmed.

All concur.