# Commonwealth v. Estes et al.

(Decided May 29, 1936.)

B. M. VINCENT, Attorney General, and G. MURRAY SMITH, Commonwealth Attorney (J. J. LEARY of counsel), for appellant.

JESSE KASH and M. C. REDWINE for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Certifying the law.

On April 13, 1936, the defendants, Robert Estes and Sonny Rose, were called for trial in the Clark circuit court under an indictment charging them with the offense of grand larceny.

Demurrers were interposed to the indictment, which were sustained by the court, and the indictment dismissed.

The commonwealth, complaining of the court's ruling, has appealed, asking a certification of the law as to the sufficiency of the dismissed indictment.

The challenged indictment accused the defendants, Estes and Rose, of the crime of grand larceny. No other words are used in the accusative part of the indictment further describing their offense, but immediately following such charge of the offense is a statement of the acts constituting it, which is as follows:

"That said Robert Estes and Sonny Rose, in the county aforesaid and before the finding of this indictment, did unlawfully, wilfully and feloniously take, steal and carry away one steer, the property of N. P. Vanmeter, Jr. of greater value than twenty dollars intending to convert same to their own use, and to permanently deprive the owner of his property therein, and without his knowledge or consent. * * *"

In felony cases, the commonwealth is given the right under section 335, Criminal Code of Practice, under the procedure prescribed by section 337 thereof, to appeal for a certification of the law, without awaiting a final judgment. Commonwealth v. Neal, 223 Ky. 665, 4 S. W. (2d) 685; Commonwealth v. Phillips, 224 Ky. 117, 5 S. W. (2d) 887; Commonwealth v. Brand, 166 Ky. 753, 179 S. W. 844; Commonwealth v. Clark, 200 Ky. 358, 254 S. W. 1051.

The one question presented upon this appeal is whether the court erred in sustaining appellees' demurrers to this indictment.

In our consideration and determination of this question, it is to be observed that section 122, subsection 2, Criminal Code of Practice, provides that the indictment must contain "a statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended; and with such degree of certainty as to enable the court to pronounce judgment, on conviction, according to the right of the case." Further, by section 124, subsection 2, it is provided that "the indictment must be direct and certain as regards * * * the offense charged," and by subsection 4 as regards "the particular circumstances of the offense charged, if they be necessary to constitute a complete offense."

In the case of Elliott v. Commonwealth, 194 Ky. 576, 240 S. W. 61, 62, we held that these two sections of

the Code must be read and construed together, whereby the conclusion was reached and the rule adduced as held and applied by the court in the case of Commonwealth v. Tobin, 140 Ky. 261, 130 S. W. 1116, that:

"An indictment must charge in its accusing part the public offense for which it is intended to present the accused, and in the descriptive part must state the facts which, if established by the proof, constitute the offense charged."

The language of the opinion in the Elliott Case, supra, is further that:

"It has never been held in any case that certainty in stating the offense charged in an indictment would dispense with the necessary and required certainty in stating the particular circumstances of the offense charged; nor that certainty in stating the particular circumstances constituting the offense charged would dispense with the required certainty in stating the offense of which the defendant is accused. * * * To dispense with the necessity of requiring an indictment to be direct and certain as to the offense charged, and the necessity of naming an offense, would be to dispense with a requirement of the statute, which is mandatory, and to dispense with the necessity to orderly and safe procedure, in prosecutions for crimes and misdemeanors."

Further, in the Elliott Case it was held, as in the case of Commonwealth v. Slaughter, 12 Ky. Law Rep. 893, which it cited with approval, that the proper rule of practice or criminal procedure, as established and deduced from the foregoing statutes and the decisions therein cited, is that:

"It is an indispensable requisite of a valid indictment, that it shall state with certainty and directness the offense of which it accuses the defendant of committing, and if the offense has not a name, and is created by a statute, which does not give it a name, but merely describes it, the indictment should in naming the offense follow the statute."

Measuring the indictment before us by these rules of practice as so announced, the question is, first, Did its accusatory part satisfy the requirement of subsec-

tion 2 of section 124, Criminal Code of Practice, that "the indictment must be direct and certain as regards * * * the offense charged''?

One of the grounds of the appellees' demurrers to the indictment was that its accusatory part, only charging the defendants with grand larceny, was defective in failing to charge therewith a felonious taking of another's property, that the indictment charges the defendants only with the charge of grand larceny, without accusing them of wrongful, fraudulent, or felonious taking, and that grand larceny is not an offense denounced by the statutes.

The charged offense of larceny has been defined as the "wrongful and fraudulent taking and carrying away by trespass, by any person, of the mere personal goods of another, from any place, with felonious intent to convert them to his own use, and make them his own property, or to deprive the owner permanently of his property, without the owner's consent," or "the taking and carrying away of the mere personal goods of another with intent to steal them." Alexander v. Commonwealth, 20 S. W. 254, 14 Ky. Law Rep. 290; Adams v. Commonwealth, 153 Ky. 88, 90, 154 S. W. 381, 44 L. R. A. (N. S.) 637. Further, larceny was an offense at common law, which divided it into grand larceny and petit larceny, according to the value of the property stolen. 4 Blackstone's Commentary, 229; Roberson's New Kentucky Criminal Law and Procedure, sec. 806, p. 1010. The same distinction or division of this common-law offense into grand and petit larceny is made by sections 1194 and 1243, Kentucky Statutes, grand larceny comprising the taking of property of the value of $20 or more.

Further, section 123, Criminal Code of Practice, suggests the form of an indictment to be used in the accusative part, of which it states:

"Here give the name of the offense, if it have one * * * or, if it have no general name, then a brief general description as given by law."

The accusatory part of the indictment here challenged charged an offense having a well-known general name, both at common law and under our statutes, that is, grand larceny, and we conclude that the indictment,

in so designating the crime in its accusatory part, fully satisfied the requirement of both section 123 and 124 of the Criminal Code of Practice, directing that the offense be charged with directness and certainty and by naming it, if it has a general name.

We are further of the opinion that the second ground of appellees' demurrers, urged against the sufficiency of the descriptive part of the indictment, in that it failed to repeat therein the word "felonious" before the phrase "intending to convert same to their own use," is without merit. Also it appears to have been suggested by appellees that the indictment was defective in failing to charge that the steer, with the taking of which the defendants were accused, was personal property. We do not feel that such character of criticisms of the indictment is of sufficient merit to call for any extended discussion.

The provision of subsection 2, sec. 122, of the Criminal Code of Practice, supra, in prescribing that the indictment shall describe the offense of which defendant is accused, says that it must contain "a statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended," or, as provided in the form of indictment suggested by section 123, that there shall be contained in the indictment a statement of "the acts constituting the offense" charged.

The descriptive part of the indictment also here criticized is that the defendants committed the crime of grand larceny, of which it accused them by stating that they "did unlawfully, willfully and feloniously take, steal and carry away one steer, the property of N. P. Vanmeter, Jr. of greater value than twenty dollars, intending to convert same to their own use," etc.

In the case of Adams v. Commonwealth, mentioned supra, it was said that the taking and carrying away of the personal goods of another, with intent to steal same, constituted the offense of larceny. The descriptive part of the indictment here clearly charges a taking and carrying away of the property alleged to have been stolen, and that the defendants did "feloniously take, steal and carry away" sufficiently charged a felonious intent, without a repetition of the word "felonious" to describe the intention to convert. Also the contention

that the indictment was also defective in failing to charge that the steer stolen was personal property is likewise frivolous, for, while it is a necessary element of the offense of larceny that the thing taken must be personal property, such requirement has regard only to the rule that a taking of chattels real, or such as are annexed to a freehold, does not constitute larceny. Clearly the accused were fully advised that the indictment's charge, that they feloniously stole and carried away one steer of N. P. Vanmeter, Jr., had regard to their alleged taking of his personal property rather than to a taking of his chattels real or such as were annexed to his freehold.

We are therefore, for the reasons indicated, clearly of the opinion that the trial court erred in sustaining the demurrers to the indictment, which we conclude was sufficient both in its accusatory and descriptive parts, in that it stated a public offense having a general name and further stated the facts constituting such offense.

Such being our conclusion, this opinion so announcing our views is certified as the law of the case.