## Strunk v. Commonwealth.

May 31, 1946.

Joe S. Feather for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

Andy Strunk, unrepresented by counsel, personally entered a plea of guilty in the Whitley Circuit Court to an indictment purporting to charge him with the offense of obstructing justice. No jury was impaneled to assess the penalty and the judge fixed it at a fine of $500 and 60 days imprisonment in the county jail.

The motion for a new trial assigned two errors: 1. The indictment did not state a public offense; 2. the judge was without authority under Sec. 258 of the Criminal Code of Practice to assess appellant's punishment above the minimum for the offense attempted to be charged in the indictment, and that a jury should have been impaneled to fix his punishment if the judge was not content to impose the minimum for this common-law misdemeanor, the punishment for which is a fine in any sum or imprisonment in the county jail for any length of time, or both such a fine and imprisonment.

The material part of the indictment reads:

"The grand jury of Whitley County, in the name and by the authority of the Commonwealth of Kentucky, accuse Andy Strunk of the offense of obstructing justice:

"Committed in manner and form as follows: The said Andy Strunk * * * within 12 months next before

the finding of this indictment and in the County and State aforesaid, did unlawfully, wilfully obstruct the grand jury of Whitley County * * * by persuading, contriving and intending to impede and obstruct said investigation, by corruptly enticing, soliciting and persuading one C. B. Upton to protect him, the said Strunk, from being indicted by the grand jury, the said C. B. Upton being County Attorney * * * and the said Strunk at the time he attempted to so corruptly entice, solicit and persuade the said Upton to protect him knew that the grand jury was investigating the selling of whiskey by said Strunk.''

No demurrer was filed to the indictment, but none was necessary if the indictment charged no public offense. The rule is that where an indictment fails to state a public offense, the sufficiency thereof may be raised on appeal although no demurrer was filed; but where the indictment defectively states a public offense, such defect is waived unless a demurrer is filed. Maggard v. Commonwealth, 257 Ky. 414, 78 S. W. 2d 315.

Section 122(2) of the Criminal Code of Practice provides that an indictment shall contain a statement of the acts constituting the offense charged; and Sec. 124(4) provides that the particular circumstances of the offense must be charged in the indictment if they are necessary to constitute a complete offense. The indictment before us fails to meet the requirements of both of these sections.

The averment in the indictment that appellant ''corruptly enticed, solicited and persuaded C. B. Upton to protect him'' was but a conclusion and did not state facts constituting the offense of obstructing justice. To constitute a good indictment it should have charged how or in what manner appellant corruptly solicited and persuaded Upton, that is, by offering him something of value, such as a bribe, or by threatening violence to Upton. It should have stated of what the soliciting and persuading consisted, since there may be lawful soliciting and persuading. 39 Am. Jur. ''Obstructing Justice,'' p. 513, Sec. 19. Then too, the phrase ''to protect him from being indicted'' is not clear. It is as susceptible of an innocuous as it is of a sinister meaning. It could as well have meant protecting appellant from being unlawfully indicted, or from being indicted for a more serious

offense than the facts justified, or from an excessive number of indictments—and appellant was entitled to this character of protection by the county attorney.

In Commonwealth v. Berry, 141 Ky. 477, 133 S. W. 212, 33 L. R. A., N. S., 976, Ann. Cas. 1912C, 516, there appears an indictment which sufficiently charges the common-law offense of obstructing justice; while in Shackelford v. Commonwealth, 185 Ky. 51, 214 S. W. 788, the facts set out in the indictment were insufficient to charge that crime. By comparing the averments in the indictment before us with those contained in the Shackelford opinion, we unhesitatingly conclude that it failed to charge a public offense.

The second error raised by appellant is identical with the one for which we reversed the judgment in Strunk v. Commonwealth, 302 Ky. 284, 194 S. W. 29, 504, which followed Bates v. Commonwealth, 190 Ky. 338, 227 S. W. 472, where it was held to be reversible error under Sec. 258 of the Criminal Code of Practice for the trial judge to fix the punishment on a plea of guilty in a misdemeanor case in excess of the minimum without the aid of a jury.

We agree with the learned Assistant Attorney General who briefed this case for the Commonwealth that the judgment must be reversed on both grounds assigned by appellant.

The motion for an appeal is sustained and the judgment is reversed for proceedings consistent herewith.