William (Bill) E. CALHOUN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

April 17, 1964.

H. K. Spear, Somerset, for appellant.

Robert Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., John G. Prather, Somerset, for appellee.

PALMORE, Judge.

The appellant, William E. Calhoun, was found guilty of voluntary manslaughter and sentenced to 2 years' imprisonment under an indictment charging him with murder. KRS 435.010, 435.020. His claim of error is based on the failure of the Commonwealth's Attorney, in opening the trial, to state to the jury the evidence on which he relied to support the charge. RCr 9.42.

The indictment alleged that in June of 1963 in Pulaski County, Kentucky, appellant "murdered James C. Chestnut by shooting him * * * against the peace and dignity of the Commonwealth of Kentucky." It was read to the jury prior to the introduction of evidence. Appellant did not question or seek to remedy the prosecuting attorney's omission to further extend his opening statement until the close of the Commonwealth's case in chief. He contends, however, that he was prejudicially surprised by certain testimony[1] of two prosecution witnesses which they had not revealed when interviewed by his appointed counsel and by the testimony of another witness whose name was not endorsed on the indictment. Cf. RCr 6.08. The substance of his motion was that all of the Commonwealth's evidence be stricken and that a verdict of acquittal be directed. It was overruled.

Prior to adoption of the Rules of Criminal Procedure (effective January 1, 1963) Cr.Code of Practice § 219 required the clerk or Commonwealth's Attorney to read the indictment to the jury and state the defendant's plea, and a failure to do so at some time "before the conclusion of the evidence by the Commonwealth"[2] was grounds for reversal. Farris v. Commonwealth, 111 Ky. 236, 23 K.L.R. 580, 63 S.W. 615 (1901). The new rules abandoned this requirement.

Cr.Code of Practice § 220 provided as follows: "The attorney for the Commonwealth *may* then state to the jury the nature of the charge against the defendant, and the law and evidence upon which he relies in support of it." (Emphasis added.) In the process of transition to RCr 9.42(1) the word "may" became "shall":

"The attorney for the Commonwealth *shall* state to the jury the nature of the charge and the evidence upon which he relies to support it." (Emphasis added.) RCr 9.42(1). Hence it is argued that such a statement, though formerly permissive, now is mandatory.

It has been said to be "well settled that the jury must be fairly apprised of the nature of the charges against the defendant." Robles v. United States, 9 Cir., 279 F.2d 401, 403 (1960). Aside from statutory provisions, however, the origin and scope of this principle appear to be rather obscure. In an 1835 English murder trial, Rex v. Orrell, 1 Mood. & R. 467, 7 Car. & P. 774, 173 Eng.Rep. 337, 338, counsel for the prosecution, after stating the facts, indicated that there was evidence of previous expressions and declarations of the prisoner which he (the prosecutor) would not detail, whereat the presiding judge, upon consultation with an associate, ruled as follows: "We think the fair course toward the prisoner is to state all that is intended to be proved."

Since the opening statement was merely permissive under Cr.Code of Practice, § 220, it is clear that the reading of the indictment as directed by Cr.Code of Practice § 219 was considered a sufficient apprisal to the jury of the nature of the charge.

1. Concerning threatening statements alleged to have been made by appellant prior to the shooting.

2. Galloway v. Commonwealth, 5 K.L.R. 213, 11 Ky.Op. 951, 953 (1883). See also Gilbert v. Commonwealth, 204 Ky. 505, 264 S.W. 1095 (1924).

The scope of our code requirement in this respect therefore was not as favorable to the defendant as the rule enunciated in Rex v. Orrell.

RCr 9.42 subsections (1) through (5) replace §§ 220 through 224 of the Criminal Code of Practice, omitting Cr.Code of Practice § 219. Though the rule purports only to direct the "order" or sequence of the proceeding, it may be conceded that some statement informing the jury of the nature of the charge is fundamental and indispensable.[3] Therefore, with abandonment of the requirement of reading the indictment, which formerly fulfilled this purpose, evidently it behooved the drafters [4] of the new rules to provide for its satisfaction otherwise, and Cr.Code of Practice § 220, transplanted to RCr 9.42(1), was chosen as the logical and convenient receptacle. We perceive no greater significance or other conscious design in the change from "may" to "shall".

It is recognized that the indictment under the rules need not be as elaborate and detailed as it was theretofore required to be. Still, however, it must state "the essential facts constituting the specific offense with which the defendant is charged," RCr 6.10 (2), and if it does so it is sufficient, when read, to advise the jury of the nature of the charge. The reading of the indictment in this case was adequate to that purpose.

Since we have concluded that RCr 9.42 was not intended to do more than preserve the necessity of apprising the jury of the nature of the charge, it follows that a statement of "the evidence" is not mandatory, even though a blindly literal construction of the rule would make it so. That such a construction would lead to an entirely impracticable result is an additional basis for our determination that it was not so intended.

The judgment is affirmed.

3. Otherwise, the court suggested in Galloway v. Commonwealth, 5 K.L.R. 213, 11 Ky.Op. 951 (1883), it cannot be assumed that the jurors "comprehend the issue they are sworn to well and truly try."

4. Though promulgated officially by the court, the rules were, of course, drafted originally by special committee.