Roy Dean WYLIE, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

May 20, 1977.

Rehearing Denied Oct. 28, 1977.

Jack Emory Farley, Public Defender, J. Vincent Aprile, II, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

PER CURIAM.

Roy Dean Wylie appeals from a judgment entered on a jury verdict finding him guilty of knowingly receiving stolen property and fixing his punishment at a year's imprisonment.

Wylie, when apprehended by police officers in Lexington, was found to be in possession of a quantity of silver and a stereo set that had previously been stolen from Mrs. R. M. Gay. Wylie testified that he was moving the property from a motel room occupied by Larry Williams, an ac-

quaintance, who had directed him to put it "underneath this trailer back behind the Continental Inn."

Wylie asserts that his conviction of the felony offense of receiving stolen property was constitutionally infirm since the indictment charged only the misdemeanor offense of receiving stolen property and thus failed to give him notice of the felony offense.

KRS 514.110 provides:

"(1) A person is guilty of receiving stolen property when he receives, retains or disposes of movable property of another knowing that it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner.

"(2) The possession by any person of any recently stolen movable property shall be prima facie evidence that such person knew such property was stolen.

"(3) Receiving stolen property is a Class A misdemeanor unless the value of the property is $100 or more, in which case it is a Class D felony."

The indictment returned by the Fayette County Grand Jury read in part as follows:

"On or about the 17th day of September, 1975, in Fayette County, Kentucky, the above named defendant unlawfully received from a person or persons unknown to the Grand Jury a large quantity of silver and a stereo set which had been stolen from Mrs. R. M. Gay, knowing that the property was stolen; *  *."

Wylie asserts that as the indictment charged him with the misdemeanor offense of receiving stolen property he could not be tried on the felony offense, nor was the trial court permitted to instruct the jury on the felony offense of receiving stolen property. He asserts that KRS 514.110 requires that the clause "of the value of $100 or more" be an essential element of an indictment if the felony offense is to be charged.

In *Duncan v. Commonwealth*, Ky., 330 S.W.2d 419 (1959), the sufficiency of an indictment charging armed robbery was in issue because it stated only that the accused had robbed the victim by force, violence and arms, and by putting the victim in fear of bodily harm. This court, in holding that the indictment was insufficient to support a conviction, stated:

"The indictment will not support a conviction for armed robbery, because it does not state the vital fact, differentiating armed robbery from the lesser offense of simple robbery, that the robbery was committed by use of a 'pistol, gun or other firearm or deadly weapon,' these being the terms by which the offense of armed robbery is specifically defined in the statute.  *  *  *."

Duncan was decided in compliance with those sections of the Criminal Code of Practice concerning the form and requisites of an indictment. Section 124 of the Criminal Code of Practice provided that the indictment must be direct and certain in regard to the offense charged. Duncan, in following this section, stated that a fundamental principle under the Criminal Code of Practice required that the substantive elements of a crime be stated as well as the name of the crime charged, and that a mere stating of the name was not a sufficient compliance with the Criminal Code.

The Rules of Criminal Procedure adopted subsequent to Duncan have substantially liberalized the traditional requirements applicable to indictments. RCr 6.10 requires only that the indictment contain a plain, concise, and definite statement of the essential facts constituting the specific offense. An indictment under this section is sufficient if it informs the accused of the specific offense with which he is charged and does not mislead him.

The indictment against Wylie clearly charged a public offense—knowingly receiving stolen property. Actually, all that was wrong with it was that it did not specify whether it was for a felony or a misdemeanor. He was not misled, and this court is of the opinion that he was adequately informed of the charge. The question that plagued Wylie, if it did, could only have been how much time he was going to

get if convicted. In other words, was he charged with a misdemeanor or a felony? He was already on notice of the charge of receiving stolen property, and if, under these circumstances, he had any doubt regarding the extent or nature of the charge, he had available to him means by which this doubt could be readily and easily resolved.

RCr 6.22 provides:

"The court for cause shall direct the filing of a bill of particulars. A motion for such bill may be made at any time prior to arraignment, or thereafter in the discretion of the court. A bill of particulars may be amended at any time subject to such conditions as justice requires."

Wylie was charged with receiving "a large quantity of silver and a stereo set." The description of the property which Wylie was charged with receiving would have put any reasonable person on notice that the value was in excess of $100. It was an adequate forewarning of things to come. The language in the indictment should have piqued Wylie's curiosity enough to have posed the question of the value of this property. The answer was readily available. Wylie was well aware that his was not a "penny ante" crime, and the testimony of Mrs. Gay that the silver he had in his possession was worth thousands of dollars and that the stereo was worth approximately $1000 definitely fixed the nature of his offense.

■ Wylie next asserts that the court erred by instructing the jury on an offense not charged in the indictment. There are actually two facets to this so-called infirmity. First, the court correctly instructed the jury upon the offense charged—receiving stolen property. This relegates the objection to one point only, and that is the penalty to be assessed by the jury. Strangely enough, Wylie did not object to the court's felony instruction or offer an instruction on the insisted-upon misdemeanor charge of receiving stolen property. His attitude is best expressed in this remark from the record:

"THE COURT: The Court has given to each of the counsel instructions which the Court proposes to give. Either of the attorneys have any objection to the instructions or do the attorneys have any instructions?

MR. ADAMS [Defense Counsel]: The Defendant has no objections to the instructions and doesn't wish to propose any."

The only instruction given by the court was the felony instruction on receiving stolen property which appeared, at that time, to have been wholly acceptable to Wylie. The asserted error in this instruction was not presented to the trial court for consideration either at the time it was given or upon motion and grounds for a new trial. Consequently, the issue was not preserved for appellate review.

■ Wylie complains of the adequacy of the evidence upon which he was convicted primarily because his story that he was moving the stolen goods for someone else was so reasonable and believable that the Commonwealth failed to prove facts necessary to constitute the crime charged. We have carefully reviewed the record, and the evidence was of sufficient substantiality to require that the case be submitted to a jury. Furthermore, the verdict of the jury is well within the bounds of the factual situation surrounding the offense charged.

■ Wylie finally complains that he was prejudiced by the closing remarks of the Commonwealth's attorney. Here again, this court has examined the record and finds no objections to any of the remarks made. In fact, Wylie himself admits that he did not object to the claimed prejudicial statements made by the Commonwealth's attorney. Under such circumstances, the claimed error asserted by Wylie was not preserved for appellate review.

So much of this court's opinion in *Duncan v. Commonwealth*, Ky., 330 S.W.2d 419 (1959), as conflicts with this opinion is hereby overruled.

The judgment is affirmed.

All concur.