Pamela HOURIGAN, Real Party in Interest; and Sheila Isaac, District Court Judge, Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 93–CA–0483–MR.

Court of Appeals of Kentucky.

March 18, 1994.

Discretionary Review Denied and Opinion Ordered Published By Supreme Court Aug. 24, 1994.

Jeffrey A. Darling, James D. Lyon, Lyon, Golibersuch & Darling, P.S.C., Lexington, for appellants.

Susan Hudson, Stephanie Bingham, Asst. Fayette County Attys., Lexington, Chris Gorman, Atty. Gen., Frankfort, for appellee.

Before LESTER, C.J., and DYCHE and HOWERTON, JJ.

DYCHE, Judge.

Appellant was charged with a violation of KRS 189A.010, driving under the influence; as she had been previously convicted of this offense, the Commonwealth elected to seek the enhanced penalty as provided for in the statute. At trial, the prosecutor's opening statement (RCr 9.42[c]) failed to include the details regarding the prior offense. Counsel for appellant moved the court for a directed verdict of acquittal, asserting that the Commonwealth set out all of the elements of the offense charged.

The Fayette District Court agreed, directed a verdict in favor of appellant on the "second offense," and declared a mistrial on the remaining "first offense" charge. The Commonwealth initiated an original action in the Fayette Circuit Court to compel the dis-trict court to try the appellant on the "second offense" charge. The circuit court issued an order directing same, and this appeal followed. We affirm.

On appeal, Hourigan raises two contentions: 1) That the opening statement of the Commonwealth must set out all of the elements of the offense charged; and 2) That the directed verdict in this case prevents retrial of appellant, under the "double jeopardy" provisions of our state constitution and the United States Constitution.

■ As *Calhoun v. Commonwealth,* Ky., 378 S.W.2d 222 (1964), clearly states, the opening statement is required to do no more than apprise the jury of the nature of the charge. This was done in the instant case. While we think it would be much the better practice to provide more information than was done herein, the bare bones were sufficient to meet the requirements of the rule. It was error for the trial court to take the action it did.

■ What effect that action has upon appellant's legal future is our next problem. If the trial court's action truly were "the functional equivalent ... of a verdict of acquittal," retrial is prohibited. We think not, however. No evidence was heard by the trial court; no testing of the sufficiency of the Commonwealth's case was possible. No acquittal on the merits was involved. Although deemed by the trial court a "directed verdict," the action was, as the Commonwealth contends, more akin to a mistrial at the behest of the defendant than a true directed verdict of acquittal. No double jeopardy implications are present herein.

The order of the Fayette Circuit Court is affirmed.

All concur.