**Kirt D. THOMAS, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

No. 95–SC–234–DG.

Supreme Court of Kentucky.

Sept. 26, 1996.

Susan Jackson Balliet, Prospect, for Appellant.

A.B. Chandler, III, Attorney General, Amy F. Howard, Assistant Attorney General, Criminal Appellate Division, Frankfort, for Appellee.

KING, Justice.

Today we are called upon to review our decision in *Stark v. Commonwealth*, Ky., 828 S.W.2d 603 (1992), which holds in part that a robbery indictment is void if it fails to specifically allege that a person was robbed. After thoughtful review and for the reasons detailed below, we overrule that portion of *Stark*.

On January 27, 1987, Kirt D. Thomas was sentenced to life imprisonment for first-degree robbery. This Court upheld Thomas's conviction and sentence on direct appeal. Thomas's subsequent RCr 11.42 motion was denied.

Years later, Thomas filed a pro se motion to vacate the judgment pursuant to CR 60.03, claiming that the indictment underlying his conviction was void pursuant to *Stark* and therefore his conviction should be set aside. The Bourbon Circuit Court denied Thomas's CR 60.03 motion and the Court of Appeals affirmed that denial. We granted discretionary review of that decision by the Court of Appeals and have reexamined our holding in *Stark*.

## THE DOCTRINE OF STARE DECISIS

■ The doctrine of stare decisis is a judicial policy implemented to maintain stability and continuity in our jurisprudence. It is based upon the belief that similar cases should be decided in a similar manner. When a court of institutional review announces a principle of law to apply to a general set of facts, the doctrine of stare decisis requires the court, in the absence of "sound legal reasons to the contrary" to adhere to that same principle in future cases where there is a similar factual pattern. *Hilen v. Hays*, Ky., 673 S.W.2d 713, 717 (1984).

■ "Stare decisis is ordinarily a wise rule of action. But it is not a universal, inexorable command." *Washington v. W.C. Dawson & Co.*, 264 U.S. 219, 238, 44 S.Ct. 302, 309, 68 L.Ed. 646 (1924) (Brandeis, J., dissenting). The principle of stare decisis does not require us to adhere blindly to previous decisions when we determine those decisions were in error.

> The strong respect for precedent which is ingrained in our legal system is a reasonable respect which balks at the perpetuation of error, and it is the manifest policy of our courts to hold the doctrine of stare decisis subordinate to legal reason and justice and to depart therefrom when such departure is necessary to avoid the perpetuation of pernicious error. Accordingly, the authority of precedents must often yield to the force of reason and to the paramount demands of justice as well as the decencies of civilized society, and the law ought to speak with a voice responsive to these demands.

*Hanks v. McDanell*, 307 Ky. 243, 210 S.W.2d 784, 787 (1948).

## THE *STARK* OPINION

In *Stark*, four counts of a multi-count indictment alleged first-degree robbery accomplished by the threat of physical force upon a business entity rather than the person employed by the business. We noted that the robbery statute, KRS 515.020, provided that a robbery can only be committed against a person. *Stark* then held that failure to include in the indictment an allegation that force was used or threatened against a person, rather than a business, constituted a failure to state a public offense. Therefore, the Court declared each of those robbery counts of the indictment void and permitted the indictment's sufficiency to be challenged for the first time on appeal. The Court reversed those four robbery convictions, thus vacating 79 years of Stark's 537–year sentence. We now overrule this portion of *Stark* because it is premised on the former Code of Practice in Criminal Cases and overlooks the changes implemented by the adoption of the Rules of Criminal Procedure.

*Stark* relied on cases, particularly *Duncan v. Commonwealth*, Ky., 330 S.W.2d 419 (1959), decided under the old Criminal Code. However, the present-day Rules of Criminal Procedure were enacted long before *Stark* was decided. The Rules, and cases decided under the Rules, should have formed the basis for our decision in *Stark* but did not. They do form the basis of our decision here.

## FORMER CODE OF PRACTICE IN CRIMINAL CASES

The old Criminal Code mandated the use of "fact pleading." For example, Criminal Code § 124 provided:

**Facts concerning which it must be direct and certain.** The indictment must be direct and certain as regards—

1. **The party.** The party charged.

2. **The offense.** The offense charged.

3. **The county.** The county in which the offense was committed.

4. **The circumstances of the offense.** The particular circumstances of the offense charged, if they be necessary to constitute a complete offense.

In addition, Criminal Code § 122(2) required that an indictment contain:

A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended; *and with such degree of certainty* as to enable the court to pronounce judgment, on conviction, according to the right of the case. (Emphasis added.)

"Prior to the promulgation of the Rules of Criminal Procedure on January 1, 1963, this court interpreted section 122 of the old Criminal Code of Practice as requiring an indictment to contain every essential element of the crime charged." *Fitzgerald v. Commonwealth*, Ky., 403 S.W.2d 21, 23 (1966).

*Duncan, supra*, illustrates the specificity required by fact pleading. There, the indictment charged the defendant with "the crime of Armed Robbery" and stated the crime was committed by "force, violence and arms." The Court reversed Duncan's conviction for armed robbery because of the failure of the indictment to describe the "arms" as a pistol, gun, firearm or deadly weapon, those being the terms used in the armed robbery statute. Although Duncan "may have been fully aware of the details of the charge made against him," the Court could not "indulge that presumption" because of prior cases under the Criminal Code and because of the "plain command of Criminal Code section 124." *Duncan*, 330 S.W.2d at 423.

## CHANGES DUE TO RULES OF CRIMINAL PROCEDURE

As Judge Palmore correctly predicted in *Duncan* in 1959: "Proposed new rules of criminal procedure now in preparation may relax the traditional requirements applicable to indictments...." *Id.* The Code of Practice in Criminal Cases was superseded by the Rules of Criminal Procedure which adopted the principle of notice pleading. *Finch v. Commonwealth*, Ky., 419 S.W.2d 146, 147 (1967). The rules "adopted subsequent to *Duncan* have substantially liberalized the traditional requirements applicable to indictments." *Wylie v. Commonwealth*, Ky., 556 S.W.2d 1, 2 (1977). An indictment "under the rules need not be as elaborate and de-

tailed as it was theretofore required to be." *Calhoun v. Commonwealth*, Ky., 378 S.W.2d 222, 224 (1964).

■ The notice pleading of the Rules of Criminal Procedure, unlike the fact pleading it replaced, does not require exact, precise details. It is unnecessary under RCr 6.10 "to restate all the technical requisites of the crime of which a defendant is accused, if the language of the indictment, coupled with the applicable statute, unmistakably accomplishes this end result." *Runyon v. Commonwealth*, Ky., 393 S.W.2d 877, 880 (1965). An indictment is sufficient if it fairly informs the accused of the nature of the charged crime, without detailing the formerly "essential" factual elements, *Finch, supra,* 419 S.W.2d at 147, and "if it informs the accused of the specific offense with which he is charged and does not mislead him." *Wylie, supra,* 556 S.W.2d at 2.

The changes brought about by replacing the old Code of Practice in Criminal Cases with the Rules of Criminal Procedure are illustrated by a comparison of *Jarvis v. Commonwealth,* 231 Ky. 505, 21 S.W.2d 828 (1929), and *Wylie v. Commonwealth,* Ky., 556 S.W.2d 1 (1977). In *Jarvis,* the Court held that the Criminal Code, § 122 and § 124, mandated reversal of a conviction for felonious embezzlement because the indictment did not specify that the amount converted was $20 or more, the amount necessary to make the charge a felony. In contrast, after the enactment of the Rules of Criminal Procedure, the Court in *Wylie* affirmed a conviction for the felony offense of receiving stolen property even though the indictment did not mention that the value of the stolen property exceeded the statutory minimum. As the Court in *Wylie* pointed out, the defendant was charged with an offense, knowingly receiving stolen property, and was thereby adequately informed of the charge.

Under the former Criminal Code, the sufficiency of an indictment could be challenged for the first time on appeal if the indictment failed to include: 1) the statutory offense charged, § 124(2); 2) factual particulars necessary to constitute a complete offense, § 124(4); and 3) a statement of acts constituting the offense with such certainty as to allow the court to pronounce judgment on conviction, § 122(2). *See, e.g. Strunk v. Commonwealth,* 302 Ky. 464, 194 S.W.2d 1002 (1946) and *Bennett v. Commonwealth,* 150 Ky. 604, 150 S.W. 806 (1912). However, under the Rules of Criminal Procedure, the only grounds on which the institution of a prosecution or an indictment can be attacked for the first time on appeal are: 1) "[l]ack of jurisdiction" or 2) failure of the indictment to "charge an offense." RCr 8.18.

■ Charging an offense was required by the Code of Practice for Criminal Cases, § 124(2), and that requirement was carried over into the Rules of Criminal Procedure. Even under the fact pleading required by the Code, all that was necessary to charge an offense was to name the statutory offense, if it had a name. If the offense charged was a common law offense with no general or statutory name, then a brief general description had to be given. *Commonwealth v. Estes,* 265 Ky. 186, 96 S.W.2d 578 (1936). The test applicable then is applicable now.

All that is necessary to "charge an offense," as required by RCr 8.18, is to name the offense. For example, in *Brown v. Commonwealth,* Ky., 555 S.W.2d 252, 257–58 (1977), we found that an indictment charging Mark and Jim Brown "murdered Bryant Victor Dudley," was unquestionably defective and "loose, but not invalid" even though the indictment did not specify the manner or means by which the murder was allegedly committed.

A lack of jurisdiction or failure to charge an offense may be raised "at anytime during the proceedings." RCr 8.18. However, all other defects in the indictment, such as failure to comply with RCr 6.10, must be "raised only by motion before trial." RCr 8.18.

■ This difference in the need for factual completeness and specificity between the old Code of Criminal Practice and the present-day Rules of Criminal Procedure is due to the changed purpose of an indictment. Under the Code, the indictment was intended to provide the defendant information concerning the details of the charges to enable the defense to adequately prepare. "The old Code of Criminal Practice, under which *Dun-*

*can,* [*supra* ], was decided, did not provide as liberally for amending indictments as do the Rules of Criminal Procedure, nor did it authorize a bill of particulars as now provided in RCr 6.22." *Brown, supra,* at 258. However, with notice pleading under the Rules, if the defense needs details to adequately prepare, the defense "should be supplied them through a requested bill of particulars, rather than that a requirement be made that every indictment set forth all details of the charge." *Finch, supra,* 419 S.W.2d at 147.

## APPLICABILITY OF THE RULES OF CRIMINAL PROCEDURE TO THOMAS'S INDICTMENT

In the case before us, the caption of the indictment against Thomas cites KRS 515.020. The body of the indictment charges:

> On or about the 31st day of January, 1986, in Bourbon County, Kentucky, the above named defendant, Keith Conyers, Eddie Franklin and Brutus Buckner committed the crime of robbery in the first degree when they robbed Convenient Food Mart, 8th Street, Paris, Kentucky by using a dangerous weapon, to-wit: a pistol.

Indictments under the present-day rules are simply pleadings that place a matter before the court. In this case, the trial court had jurisdiction over the parties and the subject matter. The indictment against Thomas clearly charged an offense—first-degree robbery. The indictment also provided the date and location of the alleged offense, that Thomas was charged ·under KRS 515.020, and that he was armed.

■ Although the indictment was incomplete because it failed to state that Thomas used or threatened force against a person and failed to name that person, that defect does not mean the indictment failed to "charge an offense" or was insufficient to support a conviction. Failure to include the name of the person upon whom Thomas used or threatened to use physical force is the type of defect that can be easily cured at the trial level and must be raised by motion before trial in accordance with RCr 8.18.

When an indictment is returned such as that at issue, any reasonable defense counsel would do precisely what defense counsel suggested at oral argument—obtain a bill of particulars. Thomas requested and received a bill of particulars. Thomas was fully aware of the person upon whom he used force to accomplish this crime. He was on notice of the specific crime charged and the indictment was not misleading.

RCr 6.12 provides that an indictment shall not be deemed invalid, nor shall the "judgment or other proceedings thereon be ... in any manner affected by reason of a defect or imperfection that does not tend to prejudice the substantial rights of the defendant on the merits." Thomas has failed to demonstrate any way in which he was prejudiced by the defect in the indictment.

■ As Thomas's indictment gave the court jurisdiction and charged an offense, he has waived any defects in his indictment by not bringing those defects to the attention of the trial judge. RCr 8.18. Accordingly, we need not and do not decide whether CR 60.03 is an appropriate avenue for relief in this case.

■ Finally, Thomas questions whether the evidence was sufficient to sustain his conviction for first-degree robbery. On Thomas's direct appeal we determined that the evidence was sufficient to sustain the conviction. Our previous opinion is the law of the case on this issue: "A final decision of this Court, whether right or wrong, is the law of the case and is conclusive of the questions therein resolved. It is binding on the parties, the trial court, and the [appellate courts]." *Martin v. Frasure,* Ky., 352 S.W.2d 817, 818 (1961).

The denial of Thomas's CR 60.03 motion is affirmed.

STEPHENS, C.J., and BAKER, GRAVES, KING, STUMBO and WINTERSHEIMER, JJ., concur.

LAMBERT, J., concurs by separate opinion.

LAMBERT, Justice, concurring.

In 1992, six of this Court's seven justices joined in *Stark v. Commonwealth,* Ky., 828 S.W.2d 603 (1992). Today that decision has been overruled. I write to express the view that *Stark* was not wrong and that the majority has overruled sound precedent.

In *Stark* the issue was whether an indictment properly charged robbery under KRS 515.020. This statute requires the use of threatened use "of physical force upon another person with intent to accomplish the theft...." The distinguishing feature between robbery and theft is force upon another person. The indictment in *Stark* charged that the defendant "committed the offense of Robbery in the First Degree, by threatening the immediate use of physical force upon Moby Dick Restaurant...." Quite properly, this Court held that it was necessary to charge that the force was committed upon a person, not simply upon a place of business. Insightfully, the Court said "Inanimate objects or businesses may not be the victim of robbery as provided by the statute. Robbery can be committed only against a person." *Id.* at 606.

By its holding in the instant case, this Court has all but abandoned the requirement that a pleading narratively state a public offense. Under the majority opinion, with its heavy reliance on bills of particulars and waiver of defects, an indictment which merely labels an offense will be sufficient.

In my view, this case can be harmonized with our opinion in *Stark.* While *Stark* charged the use of physical force upon an inanimate object, the indictment here charged that four individuals robbed a place of business. By definition, robbery embraces the concept of force against a person.

For the foregoing reasons, I disagree with the majority opinion, but would concur with the result.