# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

*THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28 (4) (c), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS AUTHORITY IN ANY OTHER CASE IN ANY COURT OF THIS STATE.*

RENDERED: NOVEMBER 22, 2006
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

2005-SC-000727-MR

DATE 12-13-06 [signature]

WILLIAM SHAKESPEARE WATSON          APPELLANT

V.          APPEAL FROM CHRISTIAN CIRCUIT COURT
HONORABLE EDWIN WHITE, JUDGE
INDICTMENT NO. 02-CR-499

COMMONWEALTH OF KENTUCKY          APPELLEE

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

The Appellant, William Shakespeare Watson, was indicted on October 18, 2002, for one count of first degree rape, two counts of first degree sodomy and one count of failure to comply with sex offender registration. His first trial ended in a mistrial. He was retried five months later wherein the jury found him guilty of one count of first degree rape and one count of first degree sodomy, recommending thirty (30) years on each count to run consecutively for a total of sixty (60) years. Appellant appeals his conviction as a matter of right pursuant to Ky. Const. § 110(2)(b) asking this court to reverse his conviction.

## Summary of the facts

The Appellant lived with his girlfriend Gloria Brown. During the Labor Day weekend of 2002, Brown's grandchildren stayed with her. These children included nine-year old J.I., her two little brothers, and her one year old baby sister. When the grandchildren spent the night, Brown and Appellant slept in her room, the two boys slept in a back room, and J.I. and the baby slept in the living room.

On that Friday night, J.I. fell asleep on the couch during a movie. She was wearing a nightgown with underwear and sleeping under a comforter. She remembered the Appellant turning on the kitchen light to get something to drink and then going back into Brown's bedroom. However, he came back into the living room and sat on the couch near her feet. According to J.I., he began feeling her legs and raised the blanket up so he could feel her buttocks. He raised her gown and whispered he would give her some money. He began kissing her on her mouth and taking down her underwear, putting them in his robe. The underwear was found in his robe by Ms. Brown the next evening.

J.I. testified that the Appellant first tried placing his penis in her mouth. Then, he tried to put his penis in her vagina causing her to scream. When Ms. Brown came out of her room, J.I. was very shaken and was jumping up and down. The Appellant told her that J.I. must have been having a bad dream and that she should sleep with her the rest of the night.

J.I. did not tell Ms. Brown what had happened until the next morning. When Ms. Brown confronted the Appellant, he denied that anything happened; stating that he went to watch TV and J.I. woke up screaming from a bad dream.

J.I. was later taken to the hospital and examined. She was interviewed by the hospital staff and Detective Bickerstaff and told them about the incident.

Ms. Brown found J.I.'s underwear in the Appellant's robe that night and confronted the Appellant again. He responded, "Gloria, you['re] not as dumb as I thought you were." When he was confronted by Det. Bickerstaff about the incident, he denied anything and said that he had been drinking heavily that day and theorized that the robe and underwear must have been in a clothes hamper together.

At trial, he argued that he was innocent, that J.I. just had a bad dream. He did not present any proof at trial. He now asserts that he was denied due process of law and his conviction should be overturned because 1) his charges were amended during trial, 2) the Commonwealth failed to charge the aggravating factor in his indictment, 3) there was insufficient evidence of first degree sodomy, and 4) he was erroneously limited in his closing argument. After review of the record, we affirm.

## I. Amendment to the Indictment.

The Appellant argues that the trial court erred to his prejudice when it amended his indictment *sua sponte*. He acknowledges that this supposed error is not preserved, but argues it is palpable.

The Appellant's indictment stated he was being charged with first degree rape and first degree sodomy by engaging in sexual intercourse or deviate sexual intercourse with J.I. a minor through the use of forcible compulsion. The indictment cited KRS 510.040 and 510.070 for its authority.

The Appellant argues that during his first trial, the trial court erroneously amended his indictment from a class B felony, forcible compulsion KRS 510.040(1)(a), to a class A felony, sex with someone less than twelve KRS 510.040(1)(b) and (2). Specifically, he argues this amendment took place when the trial court stated "the qualifier here is that she was less than twelve, but he was indicted for forcible rape. You don't have to have but one qualifier to bump him up to A."

Thereafter, the trial court instructed the jury it could convict the Appellant of first degree rape or first degree sodomy, pursuant to KRS 510.040 and 510.070, if he engaged in sexual intercourse or deviate sexual intercourse with J.I., and that at the time of such intercourse, she was less than 12 years old. The Appellant made no

- 3 -

objection. That trial ended in a hung jury and he was retried on the same counts five months later. At the retrial, the Appellant was convicted of rape and sodomy. Again, there was no objection by the Appellant to the counts charged.

RCr. 6.16 permits the court to amend an indictment at any time before verdict or finding if no additional or different offense is charged and the substantial rights of the defendant are not prejudiced. See also Yarnell v. Commonwelath, 833 S.W.2d 834, 837 (Ky. 1992). KRS 510.040 provides for one offense of rape, with two different methods of commission. Martin v. Kassulke, 970 F.2d 1539, 1545 (6th Cir. 1992). However, an amendment only alleging different methods of committing the same offense does not prejudice the substantial rights of the defendant. Robards v. Commonwealth, 419 S.W.2d 570 (Ky. 1967).

In this case, the indictment clearly stated that the counts charged were pursuant to KRS 510.040 and 510.070 and that a minor was involved. The Appellant was well aware that J.I. was under 12. The so called amendment to the indictment was made during his first trial, without objection. Before the supposed amendment, the Appellant stood charged of first degree rape and sodomy. After the amendment, he stood charged with the same counts. He had ample notice of the counts he was facing and the amendment did not result in different or additional counts. There was no prejudice to the Appellant's substantial rights, and thus, there could be no palpable error.

## II. J.I.'s age was not an aggravating factor

The Appellant argues that he was denied due process because the indictment did not charge the aggravating factor which permitted a greater penalty range on the first degree rape and first degree sodomy charges. He admits that this error is unpreserved, but argues again that it meets the palpable error standard.

"[A]ny complaint about the failure of the indictment to allege a sentence aggravating or enhancement factor must be raised in the trial court by a timely motion." Epperson v. Commonwealth, 197 S.W.3d 46, 59 (Ky. 2006) (citing United States v. Cotton, 535 U.S. 625 (2002)). Pursuant to RCr. 8.18, a defendant waives any defects in his indictment by not bringing those defects to the attention of the trial judge. Thomas v. Commonwealth, 931 S.W.2d 446, 450 (Ky. 1996). "Even so, aggravating circumstances need not be specifically charged in the indictment." Id. at 59 (citing Wheeler v. Commonwealth, 121 S.W.3d 173 (Ky. 2003)).

The age of the victim was no surprise to the Appellant. The age factor was specifically listed in KRS 510.040. Even so, the Appellant made no objection during his first trial about this alleged error in the indictment. Nor did he object during the second trial. It is not required that an aggravating circumstance be specifically mentioned, but here, the indictment did indicate that the offenses involved a minor. Therefore, whether the age was an aggravating factor or not, there was no substantial prejudice to the Appellant and his argument of palpable error is without merit.

### III. Sufficient evidence of first degree sodomy

Next Appellant argues that there was insufficient evidence for a conviction of first degree sodomy because no testimony was presented to show physical contact between the Appellant's penis and J.I.'s mouth. Penetration can be proven by circumstantial evidence, but is not required under the sodomy statute. Bills v. Commonwealth 851 S.W.2d 466, 469 (Ky. 1993).

KRS 510.070(1)(b)(2) states that a person is guilty of first degree sodomy when he engages in deviate sexual intercourse with another person who is incapable of consent because she is less than twelve years old. KRS 510.010(1) defines deviate

- 5 -

sexual intercourse as "any act of sexual gratification involving the sex organs of one person and the mouth or anus of another."

Here, J.I. testified that the Appellant tried to put his penis in her mouth. The only possible inference from the victim's testimony is that the Appellant's penis came in contact with her mouth. Bills v. Commonwealth, 851 S.W.2d 466, 470 (Ky. 1993). Thus, under the evidence presented it was not clearly unreasonable for the jury to have found him guilty of first degree sodomy. See Benham v. Commonwealth, 816 S.W.2d 186 (Ky. 1991).

## IV.  Closing argument

Finally, the Appellant claims that he was unduly prejudiced and was denied his right to present a defense when the trial court sustained an objection of the Commonwealth during his closing argument.

During the Appellant's closing argument, he argued that if there had actually been a rape, the Commonwealth would have had medical evidence to prove it. Specifically, the Appellant's counsel stated:

> So [J.I] herself was not talking when she told you what she though happened, she wasn't talking about slight penetration. She was talking about sexual intercourse and that's one issue I want you to use your common sense on, and I want you to think back on once again the lack of medical evidence in this case. We have an adult man and a nine year old girl.  If sexual intercourse had happened the way she said that is happened, there would not have been well, what there would have been there would have been a whole lot more than slight redness.  I mean we can use our common sense to know that there would have been tearing. There would have been ripping.  There would have been bleeding.  That would have been the kind of stuff you would have heard about.

The Commonwealth then objected and the trial court sustained it.

"It is a well settled principle that matters pertaining to closing arguments lie within the discretion of the trial court." Hawkins v. Rosenbloom, 17 S.W.3d 116, 120 (Ky. App.

- 6 -

1999). "Broad latitude is given counsel so they can recite and interpret the evidence for the jury" Owensboro Mercy Health System v. Payne, 24 S.W.3d 675, 678 (Ky. App. 2000). "However, they may not argue facts that are not in evidence [nor] reasonably inferable from the evidence." Garrett v. Commonwealth, 48 S.W.3d 6, 16 (Ky. 2001)(citing Coates v. Commonwealth, 469 S.W.2d 346 (Ky. 1971); Parsley v. Commonwealth, 306 S.W.2d 284 (Ky. 1957)).

The ripping, tearing, and bleeding the Appellant was referring to during closing arguments was not part of the evidence. There was no medical testimony that established these injuries would have existed if J.I.'s testimony were true. J.I. testified that the Appellant "tried to stick his private in my private." She further testified that when he did this, she screamed. KRS 510.010(8) states "(s)exual intercourse occurs upon any penetration, *however slight*." (Emphasis added.) Therefore, it is not reasonably inferable that if there was slight penetration, as the evidence supported, J.I. would have been bleeding or experienced tearing and ripping of her vagina. As the Appellant's closing arguments were merely dramatized hypotheticals, not evidence, which were irrelevant under the facts as existed, there was no abuse of discretion on the part of the trial court.

## Conclusion

For the foregoing reasons, we affirm the conviction of the Appellant.

All concur.

COUNSEL FOR APPELLANT:

Donna L. Boyce
Appellate Branch Manager
Department of Public Advocacy
100 Fair Oaks Lane, Suite 302
Frankfort, KY  40601
(502)564-8006

COUNSEL FOR APPELLEE:

Gregory D. Stumbo
Attorney General
Room 118, Capitol Building
Frankfort, KY  40601

Susan Roncarti Lenz
Assistant Attorney General
Office of Attorney General
Criminal Appellate Division
1024 Capital Center Drive
Frankfort, KY  40601-8204